# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1729 | **DATE** | 3/27/2013 |
| **CASE TITLE** | Mark Maxson (–10777) vs. Marcus Harden, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff neither paid the $350 filing fee nor seeks to proceed *in forma pauperis* to pay the fee with monthly deductions from his prison trust account. Also, Plaintiff's complaint neither states a claim upon which this Court can grant relief and is not on this Court's form. To proceed with this case, Plaintiff must, within 30 days of the date of this order: (1) either submit a completed IFP application or prepay the $350 filing fee, and (2) submit an amended complaint. The clerk shall send Plaintiff an IFP application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days may be construed as his desire not to proceed with this case and will result in dismissal.

■[ For further details see text below.]          Docketing to mail notices.

## STATEMENT

     Plaintiff Mark Maxson, an inmate at Stateville Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 against former Stateville Warden Marcus Hardy (refered to as Harden) and "Springfield and Stateville Correctional Center staff." He alleges that, in 2009, he packed a box of his property (legal books, transcripts, and personal items such as a radio and walkman) before being escorted to segregation. The box was lost. Plaintiff filed several grievances seeking the its return. In August 2010, the Administrative Review Board ("ARB") affirmed one of the grievances, recommended that Plaintiff be reimbursed for the walkman, and directed him to provide a detailed description of the transcript so that it could be replaced. (*See* 8/5/10 letter from an ARB member attached to complaint).

     Plaintiff filed this case without either paying the $350 filing fee or submitting an application to proceed *in forma pauperis* ("IFP"). Plaintiff must pay the full filing fee under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b)(1). If he is unable to pre-pay the fee, he may file an IFP application to pay it with monthly deductions from his prison trust account. In order to assist the Court to determine whether Plaintiff qualifies as a pauper to pay the filing fee in installments and to assess an initial partial filing fee, Plaintiff must submit a completed IFP application that includes both a certificate from an authorized officer attesting to the amount of funds in Plaintiff's trust account and a copy of his trust account statement showing all activities within six months of the date he filed this case. *See* § 1915(a)(2).

     Turning to Plaintiff's complaint, it does not present a claim upon which this Court can grant relief. The loss of property is a state-law claim, not a federal one. A civil rights claim pursuant to 42 U.S.C. § 1983, which Plaintiff seeks to file in this court, involves: (1) the deprivation of a right or privilege secured by the Constitution or federal law, (2) by a person acting under color of state law, i.e., a state actor. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010). A prison's loss of an inmate's property does not amount to a constitutional claim of the deprivation of property without due process of law so long as the state

| STATEMENT |
|---|

provides adequate postdeprivation remedies for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981). Illinois law provides actions for replevin and conversion that are sufficient to address Plaintiff's loss-of-property claim. *See Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002) (Illinois cause of action for replevin provides adequate postdeprivation remedy); *Stewart v. McGinnis*, 5 F.3d 1031, 1035-37 (7th Cir. 1993) (tort claim may be filed in the Illinois Court of Claims in regard to destruction of property); *Greco v. Guss*, 775 F.2d 161, 169 (7th Cir. 1985) (Illinois cause of action for conversion provides adequate postdeprivation remedy). Although the events Plaintiff describe are unfortunate, they give rise to only state claims that should be brought in state court.

Accordingly, Plaintiff's complaint is dismissed. The dismissal is without prejudice, and Plaintiff will have an opportunity to submit an amended complaint that states a valid federal claim with respect to his allegations. The clerk shall forward Plaintiff an amended complaint form.

Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either pre-pay the $350 filing fee or submit a completed *in forma pauperis* application to pay with monthly deductions from his prison trust account, and (2) submit an amended complaint that states a valid claim. Failure to comply with this order may be construed as Plaintiff's desire not to proceed with this case and will result in summary dismissal of this case.